## IN THE TWENTY-FIRST JUDICIAL CIRCUIT
## STATE OF MISSOURI

Pauletta Franklin,

           Plaintiff,

v.

ST. LOUIS COUNTY BOARD OF
POLICE COMMISSIONERS,
ROBERT VOGEL, DSN 2910,
ROBERT MORLEY, DSN 2993,
JOHN BLAKE, DSN 2700.

           Defendants.

Serve Defendants at POE:
   c/o Office of the Chief of Police
   St. Louis County, Missouri
   7900 Forsyth Boulevard
   Clayton, MO 63105

Cause No: 14SL-CC02758

Division No: __

**PETITION**

**JURY TRIAL DEMANDED**

COMES NOW Pauletta Franklin, by and through counsel, Anthony D. Gray and Rufus J. Tate, Jr., and for her Petition states the following:

### INTRODUCTION

This is a civil rights lawsuit brought by plaintiff, a victim of abusive police tactics employed by certain police officers actively employed by St. Louis County. Acting under color of law, defendants deprived plaintiff of well-established civil rights protected by the constitutions of the United States of America as well as the state of Missouri. Plaintiff seeks recovery in accordance with Title 42 U.S.C. §§ 1983 and 1988 as well as Missouri common law. Plaintiff seeks compensatory and exemplary damages,

declaratory and injunctive relief, attorney's fees and costs, in addition to any other relief this honorable Court deems necessary and appropriate.

**JURISDICTION**

1.  This Court has original jurisdiction of the federal claims pursuant to 28 U.S.C. § 1343 and MO Const. art. V, § 14 because defendants have deprived plaintiff of her rights protected by the United States Constitution. *Shapiro v. Columbia Union Nat. Bank and Trust Co.*, 576 S.W.2d 310 [4] (Mo. banc 1978);

2.  This Court has original jurisdiction over the Missouri common law claims pursuant to MO. Const. art. V, § 14 because defendants have deprived plaintiff of her rights protected by the Missouri Constitution;

**VENUE**

3.  Venue is appropriate within the Twenty-First Judicial Circuit pursuant to 28 U.S.C. § 1391(b)(1)(2) and § 508.010.4 RSMo because, among other things, a substantial part of the events giving rise to the claims asserted herein occurred within this judicial district;

**PARTIES**

4.  Plaintiff, Pauletta Franklin, at all pertinent times herein was an African-American adult female, approximately age 70, and residing in St. Louis, Missouri;

5.  Defendant, St. Louis County Board of Police Commissioners (Board), at all pertinent times herein was a municipal corporation which operated the St. Louis County police department. St. Louis County's Board of Police Commissioners has delegated day-to-day operations to its appointed police chief;

6.   Defendant, Robert Vogel, at all pertinent times herein was a Caucasian-American male detective within the St. Louis County police department.  He is sued in both his individual and official capacities;

7.   Defendant, Robert Morley, at all pertinent times herein was a Caucasian-American male detective within the St. Louis County police department.  He is sued in both his individual and official capacities;

8.   Defendant, John Blake, at all pertinent times herein was a sergeant within the St. Louis County police department.  He is sued in both his individual and official capacities;

## CONSTITUTIONAL/STATUTORY STANDARDS

9.   The Fourth Amendment of the United States Constitution prohibits warrantless searches of Plaintiff's home;

10.  The Fourth Amendment states, in pertinent part: "[t]he right of the people to be secure in their ... houses ... against unreasonable searches and seizures, [such right] shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched ...";

11.  42 U.S.C. § 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects or causes to be subjected, any citizen of the United States . . . within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . .[.]

## FACTS COMMON TO ALL COUNTS

12.  At all relevant times mentioned in this Complaint, the Board employed defendant officers and was responsible for the control and conduct of its officers acting under color of law;

13.  Each of the defendant officers acted under the color of law;

14.  On or about August 14, 2009 at approximately 3:30 am, Plaintiff was asleep in her home on Haber Drive in St. Louis, Missouri;

15.  One or more officers woke Plaintiff from her sleep by knocking loudly on Plaintiff's front door;

16.  Plaintiff responded to the front door, opened it, and spoke with one or more officers;

17.  Vogel inquired about Plaintiff's grandson;

18.  Plaintiff voluntarily produced for Vogel her grandson who had been asleep in the basement;

19.  Plaintiff's grandson voluntarily exited from the residence where he was promptly taken into custody by Vogel and other officers;

20.  Defendant Officers did not immediately exit the premises;

21.  Defendant Officers requested that Plaintiff allow them to search her residence;

22.  Plaintiff denied Defendant Officers request and inquired if they had a search warrant;

23.  At all relevant times, Plaintiff maintained her physical position within her doorway which blocked access to the residence;

24.  In response, Defendant officers forcefully pushed Plaintiff aside and entered the residence;

25.  Defendant officers searched the residence without a valid search warrant;

26.  Defendant officers did not obtain a signed consent to search in accordance with

4

department policy;

27. No exigent circumstances existed to justify entry into Plaintiff's residence without a search warrant;

28. Defendant officers removed property from the residence;

29. Defendant officers returned to Plaintiff's residence a third time around 5:30 pm execute a search warrant issued by Division 14 (Hartenbach, J.);

30. Defendant officer removed even more additional items, this time from Plaintiff's bedroom, including a modest sum of cash;

31. The actions of Defendant officers reflected a careless disregard for Plaintiff's 4th Amendment rights; and unless deterred by this honorable Court, Defendant officers will continue to execute warrantless searches;

32. Plaintiff has incurred injuries including but not limited to deteriorating health, medical treatment, anxiety, sleeplessness, loss of appetite, gastrointestinal problems, and general feelings of vulnerability and insecurity;

33. Plaintiff has incurred and shall continue to incur substantial attorney's fees and costs to prosecute this matter;

34. Plaintiff demands a jury trial;

## Count I
## § 1983:  Unlawful Entry and Search of Residence

Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 - 34 above as though fully set forth herein.

35. On August 14, 2009, Vogel and other officers deprived Plaintiff of her Fourth Amendment rights they executed one or more warrantless searches of Plaintiff's residence;

36.     Vogel and other officers executed those searches without Plaintiff's written consent;

37.     Plaintiff did not give Vogel or any other officer oral consent to enter into her residence;

38.     Vogel and others entered into Plaintiff's residence without the belief that anyone inside was in need of emergency aid or assistance;

39.     Vogel advised Plaintiff that he did not need a search warrant to enter into her residence;

40.     Vogel had earlier committed the same offense against another African-American female whom he found alone in her residence;

41.     According to Vogel, he has never entered into a Caucasian individual's residence without a search warrant or signed consent to search form;

42.     Vogel and others overwhelmed Plaintiff by wearing their uniforms and displaying their weapons as they entered Plaintiff's residence;

43.     Plaintiff suffered and continues to suffer to varying degree injury including, but not limited to, loss of sleep, anxiety, emotional distress, the loss of confidence in law enforcement officers, shock, shame, and humiliation;

44.     Defendant officers' warrantless search was the direct and proximate cause of injury to Plaintiff;

45.     Defendants' conduct was willful and reflected a careless disregard for Plaintiff's civil rights;

46.     The imposition of exemplary damages is necessary to punish Vogel's lawless activity and to deter similar lawless conduct in the future;

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays for (i) Judgment in her favor and against Vogel and the Board, jointly and severally, (ii) an Order permanently enjoining Vogel and St. Louis County from executing unlawful warrantless searches, (iii) compensatory damages in the amount deemed fair and reasonable under the circumstances, (iv) exemplary damages in an amount exceeding $25,000, (v) costs of this action (vi) attorney's fees in accordance with 42 U.S.C. § 1988, and (vii) any other relief this honorable Court deems necessary and appropriate.

**Count II**
**§ 1983:  Unlawful Procurement of a Search Warrant**

Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 - 34 above as though fully set forth herein.

47.     Vogel caused Morley to apply for a search warrant after he concluded his warrantless search of Plaintiff's residence;

48.     Vogel caused Morley to apply for a search warrant knowing or believing that no additional evidence of the crimes alleged would be found in Plaintiff's residence;

49.     Before causing Morley to apply for a search warrant, Vogel had already recovered a knife, a bottle of liquor, and a blood sample which he believed to be relevant to a sexual assault or rape;

50.     Vogel caused Morley to apply for a search warrant for a cell phone and purse knowing that the complaining witness had not alleged that anyone stole her purse or cell phone or used same in the commission of any criminal offense;

51.     Morley knew that Vogel had already recovered evidence of a sexual assault;

52.     Morley did not ask any additional questions of Vogel;

53.     Morley did not have Vogel review his application for a search warrant;

54.   Morley could not answer any questions by Judge Hartenbach about the circumstances of the prior search;

55.   Morley caused Judge Hartenbach to believe that additional evidence of a sexual assault was inside Plaintiff's residence and that Plaintiff had prevented Vogel from obtaining same;

56.   Vogel and Morley knew that no officer had been assigned to monitor Plaintiff's residence while they applied for a search warrant;

57.   Neither Vogel nor Morley assigned any officer to monitor Plaintiff's residence because they knew no additional evidence would be found therein;

58.   Morley executed the search warrant more than 11 hours after any officer had been inside and/or monitored Plaintiff's residence to make sure no evidence was secreted or destroyed;

59.   Vogel and/or Morley knowingly withheld material information from Judge Hartenbach;

60.   Morley executed the unlawful search warrant knowing that Plaintiff's property was being destroyed without justification;

61.   Vogel and Morley knowingly acted under cover of an fraudulently procured search warrant;

62.   Defendant officers' fraudulent search warrant was the direct and proximate cause of injury to Plaintiff;

63.   Defendants' conduct was willful and reflected a careless disregard for Plaintiff's civil rights;

64.     The imposition of exemplary damages is necessary to punish Vogel and Morley's lawless activity and to deter similar lawless conduct in the future;

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays for (i) Judgment in her favor and against Vogel, Morley and the Board, jointly and severally, (ii) an Order permanently enjoining Vogel, Morley and the Board from procuring fraudulent search warrants, (iii) compensatory damages in the amount deemed fair and reasonable under the circumstances, (iv) exemplary damages in an amount exceeding $25,000, (v) costs of this action (vi) attorney's fees in accordance with 42 U.S.C. § 1988, and (vii) any other relief this honorable Court deems necessary and appropriate.

## Count III
### § 1983: Unlawful Use of Force to Obtain Entry into Residence

Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 - 34 above as though fully set forth herein.

65.     At all relevant times herein, Blake was the leader of the search warrant entry team;

66.     Blake knew that Plaintiff was an elderly female residing alone;

67.     Blake was not armed with a "no knock" search warrant;

68.     Blake knew that Plaintiff was likely asleep at the time of entry and would require additional time to answer his knock;

69.     Blake knew that Plaintiff's residence was a "low" risk target;

70.     Blake had no reason to believe that Plaintiff was secreting any evidence more than 11 hours after police had earlier searched the residence;

71.     Before giving the order to forcibly breach the residence, Blake knew that Plaintiff was at or near the door where he was knocking;

72.     Members of Blake's entry team had observed Plaintiff approaching the door;

73.     No one believed that Plaintiff posed any danger to anyone as she approached the door in her sleeping gown;

74.     Blake gave the order to forcibly breach the door just as Plaintiff approached the same door;

75.     The door forced Plaintiff to fall backwards;

76.     Plaintiff almost immediately suffered an anxiety attack and required professional medical attention;

77.     EMS technicians attended to Plaintiff and conveyed her within minutes of arrival to Christian Northeast Hospital;

78.     Plaintiff was immediately admitted in the emergency room;

79.     Blake's unlawful breach was the direct and proximate cause of injury to Plaintiff;

80.     Blake's conduct was willful and reflected a careless disregard for Plaintiff's civil rights;

81.     The imposition of exemplary damages is necessary to punish Blake's lawless activity and to deter similar lawless conduct in the future;

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays for (i) Judgment in her favor and against Blake and the Board, jointly and severally, (ii) an Order permanently enjoining Blake and St. Louis County from causing unlawful forcible entry into residences, (iii) compensatory damages in the amount deemed fair and reasonable under the circumstances, (iv) exemplary damages in an amount exceeding $25,000, (v) costs of this action (vi) attorney's fees in accordance with 42 U.S.C. § 1988, and (vii) any other relief this honorable Court deems necessary and appropriate.

## Count IV
## Failure to Train or Supervise

Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 - 34 above as though fully set forth herein.

82. The Board had a duty to supervise Vogel, Morley, and Blake;

83. Vogel, Morley and Blake each caused injury to Plaintiff;

84. The manner in which each defendant caused injury to Plaintiff was foreseeable;

85. The Chief of Police personally reviewed the allegations against Vogel, Morley and Blake;

86. Instead of disciplining the officers, the Chief of Police ratified their actions in writing;

87. The Chief's ratification of Vogel, Morley, and Blake's actions reflects either (i) a "custom" or "policy" of the Board, or (ii) a failure to train and supervise defendant officers and other similarly situated officers;

88. The Board breached its duty to eliminate the types of injuries caused by Vogel, Morley, and Blake;

89. Plaintiff suffered injury;

90. The Board's breach of its duty to supervise the defendant officers was the proximate cause of injury to Plaintiff.

91. The Board's conduct was willful and reflected a careless disregard for Plaintiff's civil rights;

92. The imposition of exemplary damages is necessary to punish the Board's lawless activity and to deter similar lawless conduct in the future;

**WHEREFORE**, for all of the foregoing reasons, Plaintiff respectfully prays for (i) Judgment in her favor and against the Board, (ii) compensatory damages in the amount deemed fair and reasonable under the circumstances, (iii) exemplary damages in an amount exceeding $25,000, (v) costs of this action (vi) attorney's fees in accordance with 42 U.S.C. § 1988, and (vii) any other relief this honorable Court deems necessary and appropriate.

Respectfully submitted,

**Johnson Gray LLC**

By:  /s/ Anthony D. Gray
_____
Anthony D. Gray, #51534
1062 Old Des Peres Road
St. Louis, MO 63131
314.385.9500 (business)
314.485.4753 (facsimile)
agray@johnsongraylaw.com

*Attorney for Plaintiff*

**The Tate Law Firm, LLC**

_____
Rufus J. Tate, Jr. #46993
7751 Carondelet, Suite 803
Clayton, MO 63105-3369
314.726.6495 Office
314.726.0424 Fax
tatelawfirm@gmail.com

*Attorney for Plaintiff*

I certify and attest that the above is a true copy of the original record of the Court in case number __14 SL- CC02758__ as it appears on file in my office.



Issued

*September 8, 2014*

**JOAN M. GILMER,** Circuit Clerk
St. Louis County Circuit Court

By

*Cassidy Dobjan*
Deputy Clerk

CCOPR36   Rev. 06/00