UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAULETTA FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14-CV-1560-SPM |
| | ) |
| ST. LOUIS COUNTY BOARD OF | ) |
| POLICE COMMISSIONERS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant St. Louis County Board of Police Commissioners (the "Board") (Doc. 8). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636. (Doc. 14). For the reasons stated below, the Court will grant the Board's motion.

### I.  FACTUAL BACKGROUND

Plaintiff Pauletta Franklin ("Plaintiff") alleges that on or about August 14, 2009, St. Louis County police unlawfully searched her residence without a warrant, fraudulently obtained a search warrant for the purpose of performing an additional search, and unlawfully used force in executing the search warrant. Plaintiff alleges that the Board operated the St. Louis County Police Department, employed the defendant officers, and delegated day-to-day operations to the Chief of Police. Plaintiff further alleges that the Chief of Police personally reviewed the allegations against the individual police officers with regard to the searches of Plaintiff's home and, instead of disciplining them, ratified their actions in writing.

In October of 2009, Plaintiff filed suit against the Board and three individual police officers in the Twenty-First Judicial Circuit, State of Missouri (the "Prior Suit"). In her Amended Complaint, she alleged four counts against the Board, each under 42 U.S.C. § 1983: (I) Unlawful Entry and Search of Residence; (II) Unlawful Procurement of a Search Warrant; (III) Unlawful Use of Force to Obtain Entry Into Residence; and (IV) Failure to Train or Supervise. (Doc. 8-1). The Board moved to dismiss the claims against it on the grounds that the Board was not a suable entity and that Plaintiff had failed to state a claim against the Board. (Doc. 8-2). The state court granted the motion to dismiss, denied Plaintiff leave to amend her complaint, and dismissed the claims against the Board. (Doc. 8-3). Plaintiff subsequently voluntarily dismissed her entire action. (Doc. 8-4).

On August 14, 2014, Plaintiff again filed a Petition in the Twenty-First Judicial Circuit, State of Missouri. Plaintiff sued the same four defendants, asserted the same four counts, and made the same factual allegations as in the Prior Suit. (Doc. 4). Defendants removed the case to this Court. (Doc. 1). The Board now moves to dismiss all claims against it. Plaintiff failed to file a response in opposition to the Board's motion, despite an order from this Court alerting her that she had not yet filed a response and requiring her to file one. (Doc. 21).[1]

**II.    LEGAL STANDARD**

When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept as true all of the factual allegations in the complaint, but it need not accept legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility

---

[1] Plaintiff is represented by counsel in this case.

standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

**III. DISCUSSION**

The Board moves to dismiss Plaintiff's claims against it on three grounds: that the Board is not a suable entity, that Plaintiff's claims are barred by res judicata or collateral estoppel based on the dismissal of the claims in the Prior Suit, and that Plaintiff has failed to allege facts sufficient to state a claim against the Board. The Court agrees with the Board as to each of these arguments and will grant the Board's motion to dismiss.

**A. The Board is Not a Suable Entity**

The Board first argues that the claims against it must be dismissed because the Board is merely a subdivision of St. Louis County and is not a separate legal entity that can be sued. The Court agrees.

"A local government entity . . . which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions of Federal Rule of Civil Procedure 17." *Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967, 968-69 (E.D. Mo. 2004) (citing *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992)). The Court therefore looks to Missouri law to determine whether the St. Louis County Board of Police Commissioners is subject to suit in this Court. *Id.* at 969. Under Missouri law, "departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments." *Id.* (citing *Am. Fire Alarm Co. v. Bd. of Police Comm'rs of Kansas City*, 227 S.W. 114, 116 (1920)). Courts applying Missouri law have repeatedly found that, in the absence of

3

such statutory authorization (or some other indication that the entity was legislatively created as a distinct legal entity), a subdivision of a city or county is not a separate legal entity and cannot be sued. *See Catlett*, 299 F. Supp. 2d at 969 (dismissing claims against Jefferson County Sherriff's Department and Jefferson County Medical Department; finding no statutory authorization for them to sue or be sued and holding that they were "mere departments of Jefferson County and [were] not legal entities subject to suit under Section 1983"); *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 573 (E.D. Mo. 1997) (dismissing claim against St. Louis City Water Division because it "is merely an arm of the City and lacks a separate legal identity apart from the City"); *Jordan v. Kansas City*, 929 S.W.2d 882, 887-88 (Mo. Ct. App. 1996) (affirming dismissal of claims against Neighborhood and Community Services Department; holding that the department was not a suable entity because it "is not a legislatively created entity but is an administrative arm of [Kansas] City which lacks a legal identity apart from the City").

The Court finds no statutory or other authority permitting the Board to sue or be sued or suggesting that the Board was legislatively created as a legal entity separate from St. Louis County. Therefore, the Court finds that the Board is merely a department of St. Louis County and is not a suable entity. Plaintiff therefore cannot state a claim against the Board, and the Court will grant the Board's motion to dismiss the claims against it. *See Catlett*, 299 F. Supp. 2d at 969.

**B. Plaintiff's Claims Against the Board Are Barred by Res Judicata**

The Board argues in the alternative that even if it is a suable entity, res judicata requires dismissal of Plaintiff's claims against it because Plaintiff's claims are the same as those that were

4

dismissed by the state court judge in the Prior Suit. Again, the Court agrees and finds this to be an alternative basis on which to grant the Board's motion.[2]

A federal court must give a state court judgment the same preclusive effect that it would be given under the law of the state where judgment was entered. *Knutson v. City of Fargo*, 600 F.3d 992, 996 (8th Cir. 2010). *See also Laase v. Cnty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) ("'Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.'") (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). "'The law of the forum that rendered the first judgment controls the res judicata analysis.'" *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 764 (8th Cir. 2012) (quoting *Laase*, 638 F.3d at 856). Accordingly, the Court looks to Missouri law to determine whether the dismissal in the Prior Suit bars the claims in this action.

Under Missouri law, "[r]es judicata operates as a bar to the reassertion of a cause of action that has been previously adjudicated in a proceeding between the same parties or those in privity with them." *Lauber-Clayton, LLC v. Novus Props. Co.*, 407 S.W.3d 612, 618 (Mo. Ct. App. 2013). The application of res judicata "requires a 'final judgment' on the merits." *State ex rel Prior v. Nelson*, 450 S.W.3d 811, 815 (Mo. Ct. App. 2014). "The granting of a motion to dismiss for failure to state a claim is a final judgment on the merits sufficient to raise the defense of res judicata in a later proceeding." *U.S. Fid. & Guar. Co. v. Commercial Union Ins. Co.*, 943 S.W.2d 640, 642 (Mo. 1997). In addition, for res judicata to apply, "four identities" must exist: "(1) identity of the things sued for; (2) identity of the cause of action; (3) identity of the persons

---

[2] The Court may decide a Rule 12(b)(6) motion based on the affirmative defense of res judicata where the defense is apparent from the face of the complaint, along with public records and materials embraced by or attached to the complaint. *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758, 763-64 (8th Cir. 2012); Fed. R. Civ. P. 8(c)(1).

or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made." *Lauber-Clayton, LLC*, 407 S.W.3d at 618. The fourth element is satisfied where "defendants were identical and sued in the same capacity in both suits." *Xiaoyan Gu v. Da Hua Hu,* 447 S.W.3d 680, 692 (Mo. Ct. App. 2014) (quotation marks omitted).

The above requirements are satisfied here. Plaintiff's Petition in this case is, in all substantive respects, identical to her Amended Complaint in the Prior Suit. The two lawsuits involve the same factual allegations, the same four claims under 42 U.S.C. § 1983, the same requests for relief, the same plaintiff, and the same defendants sued in the same capacities. In the Prior Suit, the state court granted the Board's motion to dismiss all of these claims against it for failure to state a claim, it denied Plaintiff's motion for leave to amend, and it issued an order and judgment dismissing the claims against the Board. Although the state court did not specify whether its dismissal was "with prejudice," that is not dispositive. Under Missouri law, even a dismissal for failure to state a claim without prejudice has res judicata effect where a plaintiff files a new petition relying on the same facts. *Dunn v. Bd. Of Curators of Univ. of Mo.*, 413 S.W.3d 375, 377 (Mo. Ct. App. 2013) ("[R]egardless of whether a case was dismissed without prejudice, the doctrine of res judicata precludes a plaintiff from re-filing a petition that was dismissed for failing to state a claim when it relies on the same substantial facts as those previously alleged."). That is precisely what Plaintiff has done here.

For all of the above reasons, Plaintiff's claims against the Board are barred by res judicata, and the Board's motion will be granted on this alternative basis.

### C. Plaintiff Has Failed to Allege Facts Sufficient to State a Claim for Relief Against the Board

Finally, the Board argues that even if it were a suable entity and the claims against it were not barred by res judicata, Plaintiff has failed to allege facts sufficient to state a claim against the

Board. The Court agrees and finds this to be yet another basis on which to grant the Board's motion.

In Counts I, II, and III, Plaintiff alleges facts related to the individual officers' acts, but no facts related to the Board's own acts. It is well-established that a government entity cannot be held vicariously liable under 42 U.S.C. § 1983 for the actions of its employees. *See, e.g.*, *Connick v. Thompson*, 131 S. Ct. 1350, 1359-60 (2011) ("[U]nder § 1983, local governments are responsible only for their *own* illegal acts. They are not vicariously liable under § 1983 for their employees' actions.") (citations and quotation marks omitted); *Loch v. City of Litchfield*, 689 F.3d 961, 967 (8th Cir. 2012) ("It is well-established . . . that a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."). Because the Board may not be held vicariously liable for the actions of its employees, Counts I, II, and III against the Board must be dismissed.

Although a local government entity cannot be held liable for the acts of its employees, it can be held liable for a constitutional violation under § 1983 "if the violation resulted from (1) an official municipal policy; (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013) (citations and quotation marks omitted). In Count IV, Plaintiff attempts to state a claim for "failure to train or supervise." To state such a claim, Plaintiff is required to plead facts sufficient to show that (1) the Board's officer training or supervision practices were inadequate; (2) the Board was deliberately indifferent to the rights of others in adopting these training or supervision practices, and the Board's failure to train or supervise was a result of deliberate and conscious choices it made; and (3) the Board's alleged training or supervision deficiencies caused the Plaintiff's constitutional deprivation. *Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (listing pleading requirements for "failure to train" claim); *see also Atkinson*, 709 F.3d at 1216

7

("Under § 1983, a claim for failure to supervise requires the same analysis as a claim for failure to train.") (quotation marks omitted).

Plaintiff's allegations are insufficient to state a claim for failure to train or supervise under § 1983. Plaintiff alleges generally that the Board had a duty to supervise the individual officers, that the manner of injury was foreseeable, that the Board breached its duty to supervise the officers, that the Board's breach of its duty to supervise the officers was the proximate cause of injury to Plaintiff, and that the Board's conduct was willful and reflected a careless disregard for Plaintiff's civil rights. However, these are mere legal conclusions that the Court does not accept as true for purposes of a motion to dismiss. *See Iqbal*, 556 U.S. at 678. The only *facts* alleged in the Complaint to support the claim against the Board are that (1) the Chief of Police personally reviewed the allegations against the individual officers, and (2) instead of disciplining the officers, the Chief of Police ratified their actions in writing. Plaintiff alleges no facts about the Board's training or supervision practices, whether that training or supervision was adequate, or whether the Board was deliberately indifferent to the rights of others. Thus, her claim must be dismissed. *See Ulrich*, 715 F.3d at 1061 (affirming dismissal where the plaintiff alleged that supervision and training practices were "inadequate" but pointed to no facts to support that assertion other than his own arrest and detention and pointed to no facts suggesting deliberate indifference). Moreover, the third element of the claim—a causal connection—is not satisfied, because the Chief's ratification of the individual defendants' actions occurred *after* the officer actions that caused Plaintiff's alleged injury and therefore could not have caused the injury.

Plaintiff's Petition also lacks sufficient factual allegations to state a claim based on a government policy or custom. To state a claim based on a government policy or custom, a plaintiff must include "allegations, reference, or language by which one could begin to draw an

inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the [defendant]." *Doe ex rel. Doe v. Sch. Dist. of the City of Norfolk*, 340 F.3d 605, 614 (8th Cir. 2013). Plaintiff alleges no facts from which the Court could begin to draw an inference that the Board had any unconstitutional policy or custom, or that such a policy caused the injury she alleges. Therefore, Count IV fails to state a claim against the Board and must be dismissed.

**IV.    CONCLUSION**

As discussed above, Plaintiff has failed to state a claim against the Board under 42 U.S.C. § 1983 for three independent reasons. First, the Board is not a suable entity. Second, even assuming arguendo that the Board were a suable entity, res judicata bars Plaintiff's claims against the Board. Third, even assuming arguendo that the Board were a suable entity and that res judicata did not bar these claims, Plaintiff has failed to allege facts sufficient to state a claim against the Board. Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendant St. Louis County Board of Police Commissioners (Doc. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against the St. Louis County Board of Police Commissioners are **DISMISSED**.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated: July 8, 2015.